UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

STEPHANIE GORDON,

        Plaintiff,

vs.

DEPARTMENT OF MOTOR VEHICLES,

        Defendant.

2:18-cv-00834-APG-VCF

**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

    Before the Court are *pro se* Plaintiff Stephanie Gordon's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed with prejudice for lack of subject matter jurisdiction and Gordon's *in forma pauperis* application should be denied as moot.

**DISCUSSION**

    Gordon alleges that the DMV wrongfully suspended her license without notice. (ECF No. 1-1 at 4). Gordon reinstated her Nevada driver's license on July 26, 2012. A condition of reinstatement was maintaining a SR-22 (Certificate of Financial Responsibility) for three years thereafter. (*Id.*). The DMV suspended Gordon's license on June 2, 2015, after receiving a SR-26 from Gordon's insurance company, stating that Gordon did not have insurance. (*Id.* at 5). Gordon alleges that she did not receive notice before her license was suspended and only learned about the suspension on April 18, 2018. (*Id.* at 4). Gordon brings claims under the Eighth Amendment and 5 U.S.C. § 552a. (*Id.* at 3).

    In contrast to state courts, federal courts are courts of limited jurisdiction. *See* 28 U.S.C. §§ 1331, § 1332; *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). Gordon invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. However, the Eighth Amendment's

prohibition on excessive fines applies only to the federal government, not the states. Similarly, 5 U.S.C. § 552a claims may only be brought against a federal agency, not a state agency. Because the claims do not raise federal questions, the court lacks subject matter jurisdiction and must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3).

### A. Eighth Amendment Claim

Gordon claims that the DMV violated the Eight Amendment's prohibition on excessive fines. U.S. Const., amend. VIII. To reinstate her license, Gordon had to pay a $76 fee. (ECF No. 1-1 at 5). A fine violates the Eighth Amendment if it is "so grossly excessive as to amount to deprivation of property without due process of law." *Waters-Pierce Oil Co. v. Texas*, 212 U.S. 86, 111 (1909).

42 U.S.C. § 1983 allows individuals to sue another person who, under the color of law, causes the plaintiff to suffer a deprivation of any right or privilege secured by the Constitution or federal law. However, the Eighth Amendment's prohibition on excessive fines has not been incorporated against the states. *See McDonald v. City of Chicago*, 561 U.S. 742, 765 n.13 (2010). Because the Eighth Amendment's prohibition on excessive fines does not apply to the states, Gordon cannot bring a 42 U.S.C. § 1983 claim against the DMV based on that portion of the Eighth Amendment. *See* Sheldon H. Nahmod, Civil Rights & Civil Liberties the Law of Section 1983 § 2:1 (2017).

### B. 5 U.S.C. § 552a Claims

Gordon's 5 U.S.C. § 552a claim does not raise a federal question because the statute only covers federal agencies. 5 U.S.C. § 552a(g)(1)(c) allows individuals to sue in federal court if a federal agency fails to maintain records "with such accuracy, relevance, timeliness, and completeness" and an individual suffers harm from the improperly maintained record. The statute uses the definition provided in 5 U.S.C. 551(a), which defines agency as "each authority of the Government of the United States," not state agencies. *See also St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir. 1981).

The Court does not have subject matter jurisdiction over these claims. Gordon has not raised any federal questions in her complaint, nor could she if given leave to amend. However, while federal law

does not provide a remedy, her claims, supported with facts demonstrating that Gordon had insurance between July 2012 and July 2015, might be actionable in state court under NRS 41 or other state laws.

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED for lack of jurisdiction and Gordon's application to proceed *in forma pauperis* (ECF No. 1) be denied as moot.

IT IS SO RECOMMENDED.

### NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 17th day of May, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE